UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TEKO FOLI,

                                Plaintiff,                        **ORDER**

                 - against -                                   23 Civ. 5982 (NSR)

METRO-NORTH RAILROAD and METRO-NORTH
MTA POLICE,

                                Defendants.
------------------------------------------------------------------X

Nelson S. Román, D.J.:

    Plaintiff Teko Foli ("Plaintiff") proceeding *pro se* commenced the instant action asserting claims sounding in, *inter alia*, 18 U.S.C. § 1983 for alleged violations of the First, Fourth and Fourteenth Amendments of the U.S. Constitution, and the Electronic Communication Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2701, *et seq.*, as against Defendants Metro-North Railroad ("Metro-North") and the Metro-North MTA Police Dept. (The "Police"). (ECF No. 1.)  By order dated December 1, 2023, the matter was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") for all pre-trial matters. (ECF No. 16.) Presently before the Court is Plaintiff's motion for reconsideration of MJ McCarthy's February 26, 2024 Order (the "Order") which denied Plaintiff's request for additional documents. (EFC No. 47.) Upon review of the moving papers and the minutes to the discovery conference held on February 26, 2024, the Court DENIES Plaintiff's motion for reconsideration.



## BACKGROUND

Plaintiff, a former employee of Metro-North, asserts multiple claims against his former employer and the Police. According to the complaint, the relevant time period is June 2022 to December 2022. There are, however, references to incidents that occurred in March 2022.

During the discovery process, Plaintiff made a series of document request to the Defendants which included, *inter alia*, copies of work performance evaluations, copies of email correspondence and documents exchanged between Metro-North and any investigative/law enforcement agency or entity, copies of any investigative reports made by Metro-North including memorialized statements of employees who were interviewed, and a copy of Metro-North policy statements/directives concerning work place searches, usage of work place computer(s), and usage of USB flash/storage devices. (See ECF No. 36.) On February 26, 2024, MJ McCarthy presided over a discovery conference wherein the parties appeared. At the conference, MJ McCarthy issued an oral order (the "Order") resolving the parties' discovery dispute. Plaintiff now seeks review of the magistrate judge's discovery rulings. Plaintiff asserts that MJ McCarthy's ruling which denied "Plaintiff's other requests for additional documents was erroneous because the Court relied on Defense counsel's representation that a search was conducted" and "all relevant documents in their possession responsive to Plaintiff's request has been produced" and ordered that "any documents not produced during discovery, by either Plaintiff or Defendants, cannot be used in connection with any future motion or trial."

## STANDARD OF REVIEW

**Scope of Discovery**

The general purpose of discovery is to provide all parties with information necessary for the proper litigation of all the facts. *Sackman v. Liggett Grp., Inc.*, 173 F.R.D. 358, 361 (E.D.N.Y. 1997) (internal citations omitted). Fed. R. Civ. P. 26(a)(1)(A)(ii) provides in relevant part that a party must, without

awaiting a discovery request, provide to the other parties a copy or description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use of such document or information would be solely for impeachment. Stated succinctly, there must be a nexus between the information sought and the claims or defenses of a party. *Nat'l Rifle Ass'n of Am. v. Cuomo*, 332 F.R.D. 420, 428 (N.D.N.Y. 2019). Information that is within this scope of discovery need not be admissible in evidence to be deemed discoverable. *Id.* Discovery matters are generally considered non-dispositive of a litigation. *Hoar, Inc. v. Sarah Lee Corp.*, 900 F.2d 522, 525 (2d. Cir. 1990), *cert. denied*, 498 U.S. 846 (1990).

Fed. R. Civ. P. 26(b)(1) provides in relevant part, "[u]nless otherwise limited by court order, the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Before litigants are required to "open wide the doors of discovery," a threshold showing of relevance must be demonstrated. *Fine v. Facet Aerospace Prods. Co.*, 133 F.R.D. 439, 443 (S.D.N.Y. 1990). Parties to a litigation "should not be allowed to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *In re Surety Ass'n of America*, 388 F.2d 412, 414 (2d Cir.1967).

**Order of Reference**

A magistrate judge may hear a pretrial non-dispostive matter of a claim or defense if so designated by a district court. *See* Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). A party may object to a magistrate's order within 14 days after being served with a copy. *Id.* A magistrate judge's ruling on a non-

dispositive matter, including a discovery dispute, may be set aside only if the district court determines the ruling to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(b); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990) ("[m]atters concerning discovery generally are considered "nondispositive"). Magistrate judges are accorded broad discretion with respect to pre-trial discovery matters, such that reversal is appropriate when abuse of discretion is demonstrated. *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) citing *Abrams v. General Elec. Co.*, No. 95–CV–1734, 1997 WL 458446, at *1 (N.D.N.Y. Aug. 4, 1997).

A district court must affirm a magistrate judge's discover order unless the party seeking to vacate can demonstrate that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see also *Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014) ("Even where parties file timely objections, district courts only set aside parts of the order that are clearly erroneous or contrary to law."). "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). This standard of review is "highly deferential," *see id.* at 511, and "magistrates are afforded broad discretion in resolving discovery disputes." See *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, No. 12 Civ. 7322, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) (citation omitted). Additionally, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge," *Thai Lao Lignite (Thai.) Co.*, 924 F. Supp. 2d at 512, and "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate's discovery order], and indeed may not be deemed objections at all." *Khatabi v. Bonura*, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (citation

omitted) (collecting cases); See also *Creighton v. City of New York*, No. 12 CIV. 7454 (PGG), 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) ("Although a district court has the inherent authority to consider further evidence in reviewing rulings on nondispositive matters, such discretion should rarely be exercised in this context, because the district court functionally operates as an appellate tribunal under Rule 72(a) ...." (internal quotation marks omitted)).

**Reconsideration**

Motions for reconsideration are governed by Local Civil Rule 6.3 and Fed. R. Civ. P. 60(b). The standard for granting a reconsideration motion is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). The motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311-12 (S.D.N.Y. 2012). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759 & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

**DISCUSSION**

Upon a review of the docket, including ECF No. 36, the minutes to the February 26, 2024 discovery conference, and the Order, it is this Court's determination that MJ McCarthy did not abuse her discretion, commit clear error nor issue a decision contrary to law. Plaintiff made multiple duplicative demands for

documents and information which can best be described as overly broad, lacking in sufficient specificity and, at best, remotely relevant. Accordingly, the Court must deny Plaintiff's motion for reconsideration.

Plaintiff requested all of his performance evaluations for 2022. Plaintiff asserts that five performance evaluations were prepared, however, Defense counsel represented to the Court that he inquired and that only two are prepared each year. Since Plaintiff ended his employment in December 2022, prior to Defendant Metro-North preparing the second evaluation, only one such evaluation was produced in discovery. MJ McCarthy appropriately determined that Defendant Metro-North properly responded to Plaintiff's request.

Plaintiff requested that the Defendants produce information related to any investigation regarding Plaintiff and his employment. More specifically, Plaintiff requested that the Defendants produce: (1)"[a]ny email in which Plaintiff's information was given to an investigation agency/law enforcement for investigation, and information provided by Metro-North to law enforcement or investigative agency; (2) all records and reports regarding any investigation conducted by the MNR (the Court assumes Metro-North Rail) Security department. In response, the Defendants provided Plaintiff with a copy of their investigative report, which was conducted by the Police. Defendants' counsel represented to the Court that he forwarded a copy of the report to Plaintiff. The report contains a memorialized statement encompassing all the individuals who were interviewed. Additionally, the Defendants produced a copy of the taped interviews of approximately seven or eight individuals who were questioned. The investigative report also includes inquiry into the alleged intrusion into Plaintiff's property and work computer. MJ McCarthy correctly ruled that the Defendants production was responsive to Plaintiff's request.

The Plaintiff requested the production of Defendant Metro-North's policy and directive concerning the use of computers and USB flash drives. Defense counsel represented that he provide Plaintiff with a copy of Metro-North's computer policy, which he identified as the "desktop computer resource policy." When

Plaintiff indicated that he did not, Defense counsel handed a second copy to Plaintiff in open court during the conference. MJ McCarthy correctly determined that Defendant Metro-North met its discovery obligation.

Plaintiff requested that Defendant Metro-North produce the schedule of [all] crew members of Metro-North trains 8807 and 0809 operating from Grand Central and/or Croton Harmon in the year 2022, not including weekends "to establish that [train conductor] Lisa Potthast was reassigned to her shift and that she intentionally and deliberately expelled him from the safer deadhead cars and asked him to go ride among passengers not wearing masks in 2022." MJ McCarthy determined that Plaintiff's request was overly broad. This Court agrees. When queried further, Plaintiff represented that he was primarily concerned with the work schedule of only one crew member, Lisa Potthast, and did not indicate the relevancy for the schedule of other employees. Accordingly, MJ McCarthy correctly directed Defendant Metro-North to produce the work schedule of Lisa Potthast from March 1, 2022 through July 31, 2022, which is the relevant time frame suggested by Plaintiff.

Plaintiff requested the production of all emails sent from or to and received by the following individuals: Jeffrey Weston (Document 52), Craig Gustavson (Document 53), Mayela Clarke (Document 54), William Tito (Document 55), John Longobardi (Document 56), and James Heimbuecher (Document 57). Without any specificity, Plaintiff indicated that these documents were responsive "to address issues at the core of his complaint." Plaintiff, however, conceded that he only reported to Craig Gustavson for a few months in 2022. With respect to the other named individuals, he acknowledged that the only connection to the incident(s) is that he cc'd them in several of the emails he addressed to Craig Gustavson. MJ McCarthy appropriately directed Defendant Metro-North to produce emails from Craig Gustavson during the relevant time period.

Plaintiff requested the production of emails for the years 2021 and 2022 exchanged between the Plaintiff and Defendant Metro-North employees. MJ McCathy deemed the request overly broad. This Court agrees. During the discovery conference, however, Plaintiff suggested that he was primarily concerned with emails from Greg Gutavson and Jeffrey Weston. Defense counsel represented to the Court that he produced numerous emails from 2022, including but not limited to, Greg Gutavson, Jeffrey Weston and Maiella Clark (a Metro-North human resource employee). In total, Defense counsel produced "almost four, five thousand emails" from the list of individuals identified in Plaintiff's discovery demand. They included emails related to "deadheading," the "work bag and the bottle," the mask mandate," human resources, and Plaintiff's lateness. In an attempt to bring some closure to the document discovery phase of the litigation, MJ McCarthy directed Defendant Metro-North to search for and provide to Plaintiff, any e-mail purportedly sent to Plaintiff from a Metro-North employee between June 13, 2022 and June 27, 2022. She then determined, in essence, that Defendant Metro-North's email production was response to Plaintiff's document request. She further ordered that to the extent Plaintiff believed there was a specific record or document missing, he had to identify the missing item with more particularity. With the exception of the emails from June 13, 2022 and June 27, 2022, MJ McCarthy determined that document production was completed.

The Court questioned the parties regarding their intention to conduct depositions. Plaintiff represented to the Court that he did not intend to conduct depositions. Defense counsel, indicated that he intended to depose Plaintiff. Plaintiff, however, indicated that he preferred not to appear in person (requesting to appear virtually) and refused to appear at Defense Counsel's office for such deposition. In order to accommodate all concerns, MJ McCarthy directed that Plaintiff physically appear for a deposition and that it be conducted at the court reporter's office. When Plaintiff indicated he intended to bring a recording

device, the Court directed him not to do so. It is this Court's determination that MJ McCarthy did not abuse her discretion.

Lastly, MJ McCarthy informed both parties that any document not produced during discovery, by either party, can not be used in connection with any future motion or trial of the case. Notably, Plaintiff revealed that he was in possession of many emails which were encrypted for which he had lost or forgotten the password to. MJ McCarthy's ruling is consistent with Fed. R. Civ. P. 37. Fed. R. Civ. P. 37 (c)(1) provides that if a party fails to turnover information or identify a witness as required in Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence ... at trial, unless the failure to produce was substantially justified or harmless. The burden is on the non-producing party to prove substantial justification or that its failure to produce was harmless. *U.S. Fire Ins. Co. v. Omnova Solutions, Inc.*, No. 10–1085, 2012 WL 5288783, at *2 (W.D. Pa. Oct. 23, 2012). The Court agrees with MJ McCarthy's ruling.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 47, to mail a copy of this Opinion to pro se Plaintiff at the address on ECF and to show service on the docket.

SO ORDERED.

Dated: February 27, 2025
White Plains, NY

_____
Nelson S. Román, U.S.D.J.